**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**

**ROBERT LEE STEWART,**

**Defendant**

NO. 5: 06-CR-39 (DF)

**VIOLATIONS: FIREARMS LATED**

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Brian Randall of the Macon Bar; the United States was represented by Assistant U. S. Attorney Michael Solois. Based upon the evidence proffered to the court by counsel for the government and the defendant, and the contents of the Pretrial Service Report dated June 21, 2006, as well as argument of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**ALTERNATIVE FINDINGS**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated June 21, 2006, independently establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance and the safety of the community were defendant STEWART to be released from custody at this time. The offense charged against the defendant is a serious firearms offense for which he faces long-term imprisonment if convicted; his estimated guideline sentencing range is 210 months to 262 months in prison. The weight of evidence appears to be strong, with a law enforcement officer finding him in possession of a .38 caliber pistol. Evidence proffered indicates that defendant Stewart attempted to flee when confronted by the officer.

**Defendant Stewart has a lengthy arrest and conviction record, to-wit: he has had numerous arrests since 1981 and has felony convictions which include PURCHASING/POSSESSING CRACK COCAINE, 1991, Superior Court of Bibb County; TERRORISTIC THREATS, 1995, Superior Court of Bibb County; and PURCHASING/POSSESSING A CONTROLLED SUBSTANCE, 1996, Superior Court of Bibb County. The defendant has a history of probation and parole violations and revocations. In addition, he admits to having an extensive history of crack cocaine usage since 1987, having unsuccessfully attended some eight ot nine treatment programs.**

**For the foregoing reasons, pretrial detention is mandated. IT IS SO ORDERED.**

### PART III  -  DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 28th day of JUNE, 2006.**



        **CLAUDE W. HICKS, JR.**
        **UNITED STATES MAGISTRATE JUDGE**