IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT LEE STEWART, | : | |
| Petitioner, | : | |
| v. | : | NO. 5:06-cr-00039-HL-CHW-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | Proceedings Under 28 U.S.C. § 2255 |

**ORDER**

This case is before the Court on a Recommendation from United States Magistrate Judge Charles H. Weigle addressing: (1) Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 41), (2) the Federal Defenders of the Middle District of Georgia, Inc.'s ("Federal Defenders") supplemental brief in support of petitioner's *pro se* § 2255 motion (Doc. 49), and (3) the United States' response to the § 2255 Motion (Doc. 54), collectively seeking review of Petitioner's 210-month sentence because his armed career criminal enhanced 210-month sentence is a *per se* illegal sentence that both exceeds the 10-year statutory maximum and violates due process of law.

Judge Weigle recommends that Petitioner's § 2255 Motion be granted, Petitioner's sentence be vacated, Petitioner be resentenced without the armed career criminal enhancement, and Petitioner be released from the custody of the Bureau of Prisons. No objections to the Recommendation have been filed. The Court has reviewed the Recommendation for clear error and finds none. The Recommendation is accepted and adopted.

**DISCUSSION**

Petitioner, Robert Lee Stewart, was convicted upon a plea of guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), in connection with 18 U.S.C. § 924(e). (Doc. 28). In preparing the presentence investigation report, probation determined that Petitioner was an armed career criminal because he had three qualifying prior violent felonies or serious drug offenses for ACCA purposes, one of which was Georgia terroristic threats. The ACCA enhancement resulted in a total offense level of 30; and, with a criminal history category of VI, Petitioner's guideline imprisonment range was 180 to 210 months. But for the ACCA enhancement, Petitioner would have had a total offense level of 21, yielding a guideline imprisonment range of 77 to 96 months. Judgment was entered on December 21, 2006, and Petitioner was committed to the Bureau of Prisons for a term of 210 months. (Doc. 35).

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), decided on June 26, 2015, the Supreme Court of the United States held that the "residual clause" of the Armed Career Criminal Act of 1984 was void for vagueness under the due process clause of the United States Constitution. The decision in *Johnson* was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1256 (Apr. 18, 2016), and the time for filing a claim under *Johnson* in a 28 U.S.C. § 2255 action is subject to a 1-year statute of limitations imposed on such claims by the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244. Review of Petitioner's § 2255 motions and the docket in the above styled case establishes that Petitioner filed a timely § 2255 motion, as amended.

On November 13, 2015, Petitioner filed a motion to vacate, set aside, or correct sentence under § 2255 arguing that, in light of *Johnson*, he was entitled to relief. (Doc. 41). On March 1,

2016, the Court appointed the Federal Defenders to review Petitioner's potential eligibility for relief under *Johnson*. (Doc. 42). The Federal Defenders supplemented Petitioner's § 2255 motion on September 12, 2016, arguing the that in light of *Johnson*, Petitioner's armed career criminal sentence is no longer valid because Petitioner's prior Georgia terroristic threats conviction no longer qualifies as an ACCA predicate offense. Accordingly, Petitioner no longer has three qualifying prior violent felonies or serious drug offenses for ACCA purposes. Thus, Petitioner's 210-month armed career criminal enhanced sentence is not valid and the Court should resentence him without the ACCA enhancement. (Doc. 49). The United States responded advising they would not challenge Petitioner's contention that Georgia terroristic threats is no longer a violent felony under the ACCA post-*Johnson*, and also moved the Court to resentence Petitioner without the armed career criminal enhancement. (Doc. 54 at 5).

At the time of Petitioner's terroristic threats convictions, the Georgia terroristic threats statute read as follows:

> A person commits the offense of a terroristic threat when he threatens to commit any crime of violence or to burn or damage property with the purpose of terrorizing another or of causing the evacuation of a building, place of assembly, or facility of public transportation or otherwise causing serious public inconvenience, or in reckless disregard of the risk of causing such terror or inconvenience.

O.C.G.A. § 16-11-37(a) (1991 and 2000). The current version of the Georgia terroristic threats statute is materially the same as the 1991 statute.[1]

---

[1]The current version of the Georgia terroristic threats statute reads as follows: "A person commits the offense of a terroristic threat when he or she threatens to: (A) Commit any crime of violence; (B) Release any hazardous substance; or (C) Burn or damage property. (2) Such terroristic threat shall be made: (A) With the purpose of terrorizing another; (B) With the purpose of causing the evacuation of a building, place of assembly, or facility of public transportation; (C) With the purpose of otherwise causing serious public inconvenience; or (D) In reckless disregard of the risk of causing the terror, evacuation, or inconvenience described in subparagraph (A), (B), or (C) of this paragraph." O.C.G.A. § 16-11-37(b) (2016).

In *United States v. Carson*, No. 1:14-CR-00314 (N.D. Ga. Sept. 19, 2016), the district court found that defendant's armed career criminal enhanced sentence was no longer valid since two of defendant's predicate convictions were for Georgia terroristic threats. The Northern District United States Attorney's Office determined that a conviction for Georgia terroristic threats is no longer a violent felony because the Georgia terroristic threats statute includes means that do not involve the requisite level of force and is overbroad. The United States Attorney's Office for the Middle District of Georgia, for the purposes of this case only, agrees with the Northern District United States Attorney's Office determination and will not raise a challenge to Petitioner's contentions that Georgia terroristic threats is no longer a "violent felony" under the ACCA.

Because Petitioner's terroristic threats conviction no longer qualifies as an ACCA predicate offense, Petitioner no longer has three qualifying prior violent felonies or serious drug offenses for ACCA purposes. Thus, post-*Johnson*, Petitioner's armed career criminal enhanced sentence is no longer valid. Accordingly, it is **ORDERED** the Petitioner's sentence be **VACATED** and Petitioner be **RESENTENCED** without the armed career criminal enhancement. The Court shall resentence Petitioner on May 2, 2017, following which an amended judgment will be entered in the criminal case.

**SO ORDERED**, this 19th day of April, 2017.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**